UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALISHA MARZETTE<br><br>and<br><br>KATHY DUNMIRE,<br><br>      Plaintiffs,<br><br>v.<br><br>ANHEUSER-BUSCH, INCORPORATED, et al.,<br><br>      Defendants. | Cause No. 4:10-cv-00539 CEJ |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

## I.   INTRODUCTION

Plaintiffs Alisha Marzette ("Marzette") and Kathy Dunmire ("Dunmire") (collectively hereinafter "Plaintiffs") take issue with treatment by their employer, Anheuser-Busch, Incorporated ("A-B"), and individual A-B employees Rick Marberry ("Marberry"), Nancy Lux ("Lux") and Terry Kaelin ("Kaelin") (collectively hereinafter "Defendants"), including distribution of certain job assignments. Plaintiffs claim that Defendants made the assignments in a manner that discriminated against them on the bases of sex and race, and then retaliated against them for complaining about the discrimination. These perceived wrongs are the basis for the state-law Missouri Human Rights Act ("MHRA") claims alleged in Plaintiffs' Complaint ("Complaint").[1] These state-law claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and should be dismissed. Additionally, Plaintiffs'

---

[1]   Plaintiffs' First Amended Petition, filed in the Circuit Court of the City of St. Louis, Missouri, is converted to a Complaint by virtue of the case's removal to this Court. Defendants will therefore refer to it as "Complaint" throughout this Motion.

1

claims are barred by their failure to exhaust the grievance process available to them and are now time-barred under the six-month statute of limitations applicable to Section 301.

Each of Plaintiffs' state-law claims of discrimination is heavily intertwined with the obligations and duties imposed by the collective bargaining agreement between A-B and Plaintiffs' union, entitled "Plant Agreement between Anheuser-Busch, Inc. – St. Louis, Missouri and the Local Union No. 6 Brewers and Maltsters and General Labor Departments (Guards) Affiliated with the International Brotherhood of Teamsters" ("CBA").[2] The job seniority and job assignment issues complained of by Plaintiffs are governed by the CBA procedures and therefore can only be resolved by interpreting the CBA. As such, state-law claims alleging discrimination in issues covered by the CBA are preempted by Section 301 of the LMRA and dismissal is proper under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

Furthermore, the CBA contains a provision for employees to settle and determine their differences with A-B through a formal grievance and arbitration procedure. Under the terms of the CBA and controlling case law, employees are required to utilize the available grievance procedure before filing suit. Neither Marzette nor Dunmire followed this procedure. They are therefore barred from pursuing relief in this Court due to their failure to exhaust the remedies available to them under the CBA. Finally, Plaintiffs' claims are subject to a six-month statute of limitations. Because the claims fall outside of that limitations period, they are time-barred and should be dismissed with prejudice.

---

[2] The CBA is Exhibit A to the Affidavit of Terry J. Kaelin, attached hereto as Exhibit 1.

## II.     FACTS [3]

Marzette is a current employee of A-B. Dunmire was an employee of A-B until April 1, 2009. (Complaint, ¶¶1-2, 13-14). Plaintiffs are union-represented employees and the terms and conditions of their employment are governed by the CBA. (Exhibit 1, ¶2).

Dunmire alleges discrimination pursuant to the MHRA based on, among other allegations, failing to receive preferred job assignments, A-B monitoring her job performance, and A-B making her work environment "intolerable" and constructively discharging her (Complaint, ¶19(a)-(d)). A-B's records show that Dunmire never filed a grievance or requested arbitration for any of these complaints. (Exhibit 1, ¶3). Dunmire's employment with A-B ended on April 1, 2009. (Complaint, ¶14). The initial pleading in this action was filed on March 3, 2010, almost a year after she left A-B.

Marzette alleges discrimination pursuant to the MHRA based on, among other allegations, failing to receive preferred job assignments and training, A-B asking for her signature on a counseling statement, A-B using of surveillance cameras, and A-B's personal appearance policy. (Complaint, ¶16(a)-(d); ¶24(a)-(f); ¶40 (a)-(g); ¶44(a)-(f)). A-B's records show that Marzette never filed a grievance or requested arbitration of any of these complaints. (Exhibit 1, ¶3). Her pleading was filed on March 3, 2010, more than six months after any discriminatory conduct she alleges.

---

[3]     Defendants assume, for purposes of this Motion only, that all the facts alleged in the Complaint are true. Defendants have not yet answered the Complaint and dispute the truth of many of the allegations made by Plaintiffs.

3

### III. ARGUMENT

#### a. The Standard For Dismissal.

Although the Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party, a motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. A complaint fails to state a claim where the action is time-barred. When a statute of limitations period has run, an action is properly subject to dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Guy v. Swift and Co.*, 612 F.2d 383, 385 (8th Cir. 1980).

#### b. All Of The Purported Claims Are Based On Rights Created By The CBA And Require Interpretation Of The CBA For Resolution, And Thus Are Preempted Under Section 301 Of The LMRA.

As A-B pointed out in greater detail in its Notice of Removal, Plaintiffs' allegations arise from their job and shift assignments, the rules and regulations for which are thoroughly detailed in the CBA. See CBA, Article XVII, Sections 7, 10(e), 12, and p. 42 (the Memorandum of Understanding - Job Assignments). The resolution of the state-law causes of action alleged by Plaintiffs will necessarily require the interpretation of the CBA. When the resolution of a state-law claim is substantially dependent upon analysis of the terms of a CBA, courts overwhelmingly agree that the claim is preempted by Section 301, 29 U.S.C. § 185, and federal labor law applies. *See Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405-06 (1988); *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987); *Davis v. Johnson Controls*, 21 F.3d 866, 867

4

(8th Cir. 1994); *Johnson v. Anheuser Busch, Inc.*, 876 F.2d 620, 624 (8th Cir. 1989). "'Section 301 contemplates suits by ... individual employees ... and encompass[es] those seeking to vindicate uniquely personal rights of employees such as wages, hours, overtime pay, and wrongful discharge.'" *Jones v. United Parcel Service, Inc.*, 461 F.3d 982, 994 (8th Cir. 2006)(*citing Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976)).

    c.  **Plaintiffs' State Law Claims Are Preempted Under Section 301 Of The LMRA and Thus Must Be Dismissed.**

When an employee brings a discrimination claim against an employer under the MHRA, state law claims which depend upon an analysis of the CBA are preempted by the LMRA and are properly dismissed. *Davis*, 21 F.3d at 867. State-law discrimination claims based on questions of assignment and transfers, all of which are governed by the CBA, are preempted by Section 301; an employee therefore cannot maintain his state law claims. *Van Hooser v. UPS*, 1999 WL 33656975, *10 (N.D.Iowa 1999).

A motion to dismiss state-law discrimination claims is properly granted if those claims are preempted by Section 301 of the LMRA. *Paluda v. Thyssenkrupp Budd Company*, 303 Fed.Appx. 305, 309 (6th Cir. 2008). In *Paluda*, the defendant filed a timely petition for removal, asserting, among other claims, preemption under the LMRA. *Id.* at 307. Plaintiffs sought remand but the motion was denied by the District Court. *Id.* Defendant then filed a motion to dismiss, which was granted. *Id.* On appeal, the Sixth Circuit determined that plaintiffs' age discrimination claims were preempted by Section 301. *Id.* The court then upheld the granting of defendant's motion to dismiss the pre-empted state law claims. *Id.* Here, Plaintiffs have brought exclusively state-law claims under the MHRA. All of these claims are preempted by Section 301 and now that they are in federal court, they should be dismissed.

### d. All Of The Purported Claims Are Barred Due To Plaintiffs' Failures To Exhaust Their Remedies Under The CBA.

Article XIV of A-B's CBA, entitled "Waiver of Right to Sue," provides that "it is agreed that any and all grievances ... shall be settled and determined exclusively through ... the Grievance and Arbitration procedure as provided for in Article XII [sic] of this Agreement." Neither Marzette nor Dunmire has alleged any compliance with A-B's grievance procedure, nor do A-B's records reflect that they have filed any grievances (Exhibit 1, ¶3).

An employee who is subject to a CBA must exhaust any exclusive grievance and arbitration procedures established under that CBA. *Miner v. Local, 373*, 513 F.3d 854, 864 (8th Cir. 2008). An action for state common law claims will not be allowed against an employer where the employee has failed to proceed with the remedies provided in the CBA. *Moore v. General Motors Corp.*, 739 F.2d 311, 317 (8th Cir. 1984). Even when an employee attempts to characterize her claims as another sort of action rather than as a violation of the CBA, if the rights on which the employee bases her claims arise from the CBA, the failure to exhaust the grievance procedures of the CBA constitutes a defense to the action. *Id.* at 316-7. Because the Plaintiff in *Moore* complained about transfer rights and the CBA contained a provision on transfer rights, the court concluded that because the employee had never alleged compliance with the CBA's grievance procedures, her action was properly dismissed. *Id.* For the same reason, both Marzette and Dunmire's claims in this matter must be dismissed for failure to exhaust the grievance procedures of the CBA.

### e. All Of The Purported Claims Are Time-Barred Under The Six-Month Statute Of Limitations Period Applicable To Section 301 Claims.

Additionally, Section 301 claims are subject to a six-month statute of limitations, provided for in Section 10(b) of National Labor Relations Act, 29 U.S.C. § 160(b). *Graham v.*

6

*Contract Transp., Inc.*, 220 F.3d 910, 912 (8th Cir. 2000); *Schuver v. MidAmerican Energy Co.*, 154 F.3d 795, 800 (8th Cir. 1998); *Johnson v. Anheuser Busch,* 876 F.2d 620, 623 (8th Cir. 1989); *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 169-72 (1983).

Dunmire's claims all fall outside the six-month statute of limitations for actions governed by Section 301. Any purportedly discriminatory job assignment by A-B must have necessarily occurred while Dunmire was still an A-B employee. Dunmire's employment with A-B ended on April 1, 2009. (Complaint, ¶14). The initial pleading in this lawsuit was filed more than 11 months after the last possible occurrence of any discriminatory conduct alleged by Dunmire, and well outside the statute of limitations.

Marzette's claims are also time-barred. Marzette specifically alleges that A-B forced her to sign a counseling statement in May 2009 and subjected her to surveillance beginning on August 21, 2009 ((Complaint, ¶24(a); ¶24(d); ¶44(a); ¶44(d)). These dates are well outside the six-month limitations period. (Complaint, ¶24(a); ¶24(d); ¶44(a); ¶44(d)). Marzette fails to make any mention of the occurrence dates for the remaining incidents alleged in her Complaint, other than stating that they have occurred within the last two years. (Complaint, ¶30). Because Marzette admits that some of her claims fall outside the six-month statute of limitations and fails to allege that her other claims occurred with that limitations period, Marzette's claims are time-barred.

WHEREFORE, Defendants Anheuser-Busch, Incorporated, Terry Kaelin, Rick Marberry and Nancy Lux respectfully request that this Court enter an order dismissing Plaintiffs' Complaint with prejudice and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

CARMODY MACDONALD P.C.

By  /s/ Gerard T. Carmody
    Gerard T. Carmody, #24769
    Kelley F. Farrell, #43027
    120 S. Central, Suite 1800
    St. Louis, Missouri 63105
    (314) 854-8600
    (314) 854-8660 (facsimile)
    gtc@carmodymacdonald.com
    kff@carmodymacdonald.com
    ***Attorneys for Defendants Anheuser-Busch, Incorporated, Terry Kaelin, Rick Marberry, and Nancy Lux***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically by operation of the Court's CM/ECF system this 12th day of April, 2010, on the following:

Jerome J. Dobson
Jonathan C. Berns
Gregory A. Rich
Denise M. Portnoy
Dobson, Goldberg, Berns & Rich, LLP
5017 Washington Place
Third Floor
St. Louis, Missouri 63108
(314) 621-8363

                        /s/ Gerard T. Carmody